UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-CV-504-TWP-HBG ) |
| MARK GWYN, in his official capacity as Director of the Tennessee Bureau of Investigation, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order [Doc. 14]. For grounds, Plaintiff asserts that he is challenging the constitutionality of Tennessee's sex offender registration law and that as a registered sex offender, he belongs to a highly stigmatized group. Plaintiff continues that forcing him to disclose his identity in public records could subject him and his family to significant harm. Plaintiff states that he fears for his personal safety if his identity is publicly disclosed because of the widespread hostility toward registered sex offenders. He continues that his fear for his personal safety is heightened by the fact that if his name becomes known, anyone can easily determine his whereabouts by searching the public sex offender registry. Plaintiff continues that he fears such publicity could make it harder for him to obtain or maintain employment, education, or housing in the future.

As an initial matter, the Court observes that no party has responded in opposition to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a

motion may be deemed a waiver of any opposition to the relief sought."). Further, the Sixth Circuit has explained that "a complaint must state the name of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)). In determining whether this requirement may be excused, courts should review several factors, including "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.*

In the instant matter, Plaintiff argues that he is challenging governmental activity and that much of the information disclosed in the Complaint and disclosed during discovery is highly personal. Further, Plaintiff states that he is challenging the Tennessee law on grounds of vagueness and has alleged that he cannot always comply with the law because he does not know what it requires. Plaintiff states that public identification could lead to his prosecution for inadvertent failures to comply with the exceedingly complex requirements of the law. Finally, Plaintiff submits that a protective order will not hamper Defendant's ability to present a defense because he agrees to disclose his identity to Defendant.

The Court has considered the above factors and finds that they weigh in favor of allowing Plaintiff to proceed under a pseudonym, especially in light of no opposition to the Motion. Accordingly, Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order [**Doc. 14**] is **GRANTED**. The Court further **ORDERS** as follows:

>  1. All documents filed with the Court that contain the name of Plaintiff or other information that identifies Plaintiff or his family members, directly or indirectly, shall be filed under seal. In all publicly-filed documents, Plaintiff shall be identified only by his pseudonym 'John Doe."

2. If requested by Defendant, Plaintiff's counsel shall disclose the name of Plaintiff to counsel for Defendant.

3. Counsel for Defendant may disclose the identity of Plaintiff to the named Defendant, employees of Defendant, and experts retained in this case, but only to the minimum extent necessary to litigate this action.

4. Individuals to whom disclosure of Plaintiff's identity is made shall not further disclose that information to any other person without first obtaining confirmation from Defendant's counsel that such disclosure is necessary to litigate this action.

5. Any person to whom disclosure is made as a result of this litigation shall first read this Protective Order prior to having access to the identity of Plaintiff. Counsel for Defendant shall ensure that all persons to whom disclosure is made pursuant to Paragraphs 3 and 4 are aware of this Protective Order.

6. Under no circumstances shall any person disclose Plaintiff's name to the media without the consent of Plaintiff's counsel.

7. If any specific issues related to non-disclosure of Plaintiff's identity arise during the course of the litigation, the parties shall seek to resolve those issues without court intervention. If the parties are unable to agree, they shall seek further clarification from the Court.

**IT IS SO ORDERED**.

ENTER:

_Bruce Hyntan_
United States Magistrate Judge