UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-504-TAV-HBG |
| ) | |
| MARK GWYN, in his official capacity as ) | |
| Director of the Tennessee Bureau of ) | |
| Investigation, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 70] of the District Judge.

Now before the Court is Plaintiff John Doe's Motion for Attorney's Fees. [Doc. 65] The Motion is ripe for adjudication. Accordingly, for the reasons further explained below, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 65**] be **GRANTED**.[1]

**I.    BACKGROUND**

The instant case [Doc. 1] was filed on November 22, 2017, challenging the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004 (hereinafter, "Act"), Tenn. Code Annotated §§ 40-39-201 – 40-39-218. Specifically, in 1999, Plaintiff entered an Alford plea to one count of attempted aggravated sexual battery and nolo

---

[1] The Court notes that no party requested a hearing on this matter. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995) (explaining that a fee application may be decided without a hearing).

contendere to six other counts of sex based offenses. [Doc. 1 at ¶ 10] Plaintiff pled guilty, in part, based on the knowledge that the then existing version of the Act would allow him to petition for removal of the Sex Offender Registry after a period of ten (10) years and his registration would not be public knowledge. [*Id.* at ¶ 20] Doe was sentenced to prison and completed his sentence on May 21, 2005. [*Id.* at ¶ 17]

Over time, the Act was amended many times, including the addition of a provision which made Doe subject to lifetime registration. [*Id.* at ¶ 21] Plaintiff filed suit for declaratory and injunctive relief against the TBI Director, raising eight claims as to the unconstitutionality of the Act, including: Count 1 – violation of the Ex Post Facto clause; Count 2 – violation of the Due Process Clause with respect to travel restrictions; Count 3 – violation of the Due Process Clause with respect to employment restrictions; Count 4 – violation of the First Amendment; Count 5 – violation of the Due Process Clause with respect to the retroactivity of the Act; Count 6 – violation of the Due Process Clause because of the breach of his plea agreement; Count 7 – violation of the Due Process Clause with respect to criminal liability without actual knowledge; and Count 8 – violation of the Due Process Clause because of vagueness and impossibility. [*Id.* at 111-136].

Defendant filed a motion to dismiss. On April 25, 2018, the District Judge dismissed Counts 5 and 6 as time-barred and dismissed Counts 2 and 3 for failure to state a claim. [Doc. 25] The Court denied the motion to dismiss as to Counts 1, 4, 7, and 8. [*Id.*]

Subsequently, the parties filed cross summary judgment motions. In the Memorandum Opinion, the Court granted summary judgment to Plaintiff on his claim with respect to the Ex Post Facto Clause but granted Defendant summary judgment as to the remaining Due Process claims. [Doc. 61] In its Judgment, the Court stated that, "Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 65, the Court **DECLARES** that the application of Tenn. Code Ann. § 40-39-207(g)(2)(B)&(C) as

2

to Plaintiff is an unconstitutional law under the Ex Post Facto clause and the Defendant is hereby **ENJOINED** from enforcing this provision against Plaintiff." [Doc. 62] Finally, the Court noted that pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs. [*Id.*]

Plaintiff has now moved the Court for attorney's fees and costs. [Doc. 65] In the Motion, Plaintiff seeks a total of $58,410.00 for attorney's fees.

## II.  ANALYSIS

The Court has reviewed the filings in this case, and for the reasons explained below, the Court **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees [**Doc. 65**] be **GRANTED**.

The District Judge has already awarded attorney's fees and costs in this case. [Doc. 62] Thus, the only determination for this Court is whether the requested amount of attorney's fee and costs is reasonable. With respect to attorney's fees, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id.* at 415-16. The most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *Id.* at 416 (quoting *Farrar v. Hobby,* 506 U.S. 103, 114 (1992)).

3

Plaintiff requests that he be awarded $58,418.00 in attorney's fees. With respect to the hourly rate, Attorney Lockett requests $300 per hour. In support of his hourly rate, Attorney Locket filed an Affidavit [Doc. 65-1], explaining that he has been licensed as an attorney in Tennessee since 1983. [*Id.* at ¶ 2] Attorney Lockett states that he has served as defense counsel in three separate multi-district class actions regarding medical devices, as well as handling an extensive variety of other challenging cases in both state and Federal court. [*Id.* at ¶ 2].

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the Court's territorial jurisdiction or venue. *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by*, *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)).

The undersigned is quite familiar with the prevailing rate for attorneys within the Eastern District of Tennessee and finds that $300 is reasonable for an attorney with over 37 years of experience in handling complex litigation. *See Campbell v. Graham*, No. 3:06-cv-444, 2010 U.S. Dist. LEXIS 118476, at *4 (E.D. Tenn. Aug. 18, 2010) (finding $325 per hour to be reasonable, though on the "high end of fees charged in the Eastern District of Tennessee."); *EEOC v. Dolgencorp*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018) (awarding $260 per hour for an attorney who graduated law school in 2006 in an employment case); *Penn. Higher Educ. Assistance Agency v. Coffey*, No. 1:12-cv-271, 2013 WL 1342805 (E.D. Tenn. Mar. 7, 2013) (finding $250.00 per hour to be a reasonable rate on a contract claim in Chattanooga),

4

*report and recommendation adopted*, 2013 WL 1342797, at *1 (E.D. Tenn. Apr. 2, 2013). Further, Defendant does not challenge this hourly rate. [Doc. 71] Given Attorney Lockett's experience, the prevailing rate within this district, and the lack of objection from Defendant, the Court **RECOMMENDS** that Attorney Lockett be awarded $300 per hour.

Turning to the number of hours billed, Attorney Lockett submitted an itemization of his billing statements, requesting that he be awarded 194.7 hours for litigating this case. [Doc. 65-2]. Defendant requests that the Court exercise its discretion and determine the appropriate discount to be applied in Plaintiff's fee request because although Plaintiff prevailed on Count 1, Counts 2 through 8 were dismissed or denied.

The "extent of a plaintiff's success is a crucial factor in determining a proper award of attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). If a "plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Id*. But, if the "lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Id*. In other words, when legal claims are related by "a common core of facts," a prevailing party may recover fees for legal services related to successful and unsuccessful claims. *Miller v. Caudill*, 936 F.3d 442, 453 (6th Cir. 2019).

In this instance, although Plaintiff was only successful on one of eight counts, all of the counts were tied together by a common core of facts, the multiple amendments to the Act and the increasing effect those changes had on Plaintiff. In light of the interconnected nature of the claims, the Court does not find it appropriate to discount the fee award simply because Plaintiff was only successful on one of his claims. The Court has also considered the total number of hours requested

5

in light of the discovery and motion practice in this case. This case was filed in November of 2017 and was not fully adjudicated until May of 2020. During that time, the parties engaged in a healthy motion practice, including the filing of dispositive motions, and participated in written discovery and depositions. Given the time spent litigating this case, the Court does not find it necessary to reduce the fee request, especially in light of Plaintiff's success.

### III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMEMNDS**[2] that Plaintiff's Motion for Attorney's Fees [**Doc. 65**] be **GRANTED**. The Court **RECOMMENDS** that Plaintiff be awarded $58,410.00 in attorney's fees.

Respectfully submitted,

*Bruce Guyton*

United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).